(Hamilton County, Ohio, Probate Court.)

## IN THE MATTER OF THE ADMISSION TO PROBATE OF THE LAST WILL AND TESTAMENT OF JOHN LUDLOW, DEC'D.

---

Only a prima facia case of testamentary capacity need be made out by the proponents of a will to secure its probate.

FERRIS, J.

The statute makes a distinction clearly between the probate of a will and the contest of a will. The court has heretofore said that the burden of proof was upon the proponents to establish a prima facie case of soundness of mind, freedom from restraint, and undue influence, and the observance of the formalities required by the statute in the matter of the execution of the will.

Under the decisions, when this is done, no alternative is left but the admission of the will to probate. In Hathaway's will (4 Ohio St.), the language used is: "The form and solemnity of the proceeding to admit a will to probate is required to show its due execution and admit it to become a matter of public record. The evidence required must show a prima facie case in favor of its invalidity, and that evidence is required to be reduced to writing and made a part of the record."

There has always been observed a marked distinction between the testimony essential in matters of probate, and that which is required in the matter of a contest. There can be, manifestly, no contest without probate, and in some states, notably New York, the courts have gone so far as to hold, in matters of probate, that even though both subscribing witnesses testify contrary to their written declarations necessary to admit the will to probate, the court will receive the will, notwithstanding both witnesses deny the soundness of mind of the testator and the observance of the legal formalities required.

In 37 N. Y. Supplemental Reports, 39, the court held, that on an application for the probate of a will, signed with a mark, one of the attesting witnesses testified that the testator, the scrivener, and both of the attesting witnesses were together in testator's room; that the scrivener wrote something at a table, read it to the testator, and then wrote testator's name; that testator held the penholder while his name was being written; that the scrivener then asked if it was his last will, and he answered by an affirmative nod; and the other witnesses gave similar testimony, stating that while the testator had his hand on the penholder it made a scratching noise as if the pen had splattered ink. And it was held that the testimony was sufficient to show that the will was signed by the testator.

But the whole tendency and trend of the decisions, particularly in Ohio, has been in the direction of admitting wills to probate where the formalities were observed, and leaving the question of undue influence and lack of testamentary capacity for determination by a jury.

As Judge Barclay, of our Supreme Court, said: "There are only two courts constituted with judicial power to hear the contest of a will, the one in receiving the will to probate, the other in an action of devastavit vel non with a jury in the common pleas. And inasmuch as no witness can be heard for those who would care to resist probate, if thus the will could be defeated so, the ex parte nature of the proceeding clearly indicates that only a prima facie case need be made out by the proponents of the will."

This, in my judgment, has been done, and the will, therefore, will be received for probate.

E. P. Bradstreet, L. N. Goss, Henry Van Matre; W. E. Jones, A. S. Ludlow.